**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-CR-76-JFH |
| ADRIAN LASEAN FOSTER, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Objection to Government Notice of Prior Acts Evidence, filed on May 13, 2025. Dkt. No. 24. As the Government has filed no response to Defendant's Objection, this matter is ripe for consideration. For the reasons set forth below, Defendant's Objection is sustained and evidence of the alleged March 2024 domestic violence offense will not be admitted as res gestae evidence or under Fed. R. Evid. 404(b).

**PROCEDURAL AND FACTUAL BACKGROUND**

On March 6, 2025, Defendant was charged in a single count indictment with first degree burglary in Indian Country alleging that, on or about January 7, 2025, the Defendant "broke and entered into a dwelling of another while the dwelling was occupied by I.G. and G.A....with the intent to commit some crime therein." Dkt. No. 2.

On May 6, 2025, the Government filed a Notice Pursuant to Federal Rule of Evidence 404(b), in which the Government gave notice of its intent to introduce evidence: (1) that Defendant called G.A., the alleged victim in this matter, over a hundred times between January 5, 2025 and January 6, 2025; and (2) that Defendant assaulted G.A. on March 5, 2024 and then threatened G.A. and her children the next day. Dkt. No. 22. The Government contends that evidence of the prior

domestic assault is both res gestae evidence and is admissible under Fed. R. Evid. 404(b) as evidence of Defendant's intent and motive on the night of January 7, 2025. *Id*. at 5-8.

Defendant objects to introduction of evidence or testimony concerning the March 2024 alleged domestic abuse incident, arguing that the incident is not res gestae evidence, is not offered for a proper purpose, is more prejudicial than probative, and that the Government cannot meet its burden under Fed. R. Evid. 104(b) of proving the prior alleged incident by a preponderance of the evidence. Dkt. No. 24. Defendant does not object to the Government's 404(b) notice regarding the numerous phone calls. Dkt. No. 24. As such, the Court will confine its discussion to evidence of the prior alleged domestic assault incident from March 2024.

## ANALYSIS

### I.     The proposed evidence is not res gestae evidence.

Evidence of other crimes or bad acts is not admissible to prove a Defendant's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Res gestae evidence is a narrow exception to the general proscription on other bad acts evidence. Evidence of other crimes or bad acts is res gestae of the crime charged when it is "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022). Res gestae evidence is that evidence which is "part and parcel of the proof of the offense charged" and which "is necessary to a full presentation of the case or is appropriate in order to complete the story of the crime on trial by providing its immediate context or the 'res gestae'" *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (quoting *United states v. Masters*, 622 F.2d 83, 86 (10th Cir. 1980)).

The Government's proposed evidence concerning an alleged incident of domestic violence that occurred between Defendant and G.A. some 10 months before the charged conduct is not res gestae evidence. This evidence is too remote from the instant offense, both in time and circumstance, to be characterized as "part and parcel of the offense charged" or part of the "immediate context." *Kimball*, 73 F.3d at 272. Evidence of the charged conduct can be adequately presented without introduction of testimony regarding the prior incident without rendering any witness' testimony "confusing and incomplete." *Piette*, 45 F.4th at 1155.

## II.  Evidence of the prior alleged domestic assault and subsequent threats is not admissible under Fed. R. Evid. 404(b).

Evidence of other crimes or bad acts is inadmissible to prove a Defendant's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for other purposes, such as to demonstrate motive, opportunity, preparation, plan, intent, knowledge, absence of mistake, or lack of accident. Fed. R. Evid. 404(b) (2). Evidence is admissible under Rule 404(b) so long as the following factors are satisfied:

> (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant.

*United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

The Government contends that testimony regarding Defendant's alleged domestic assault of G.A. on March 5, 2024, and his subsequent threats to G.A., is admissible as evidence of Defendant's intent and state of mind on the night of the charged conduct some 10 months later. Dkt. No. 22. The Government argues that, absent this evidence, the jury may believe that

3

Defendant was attempting to break into I.G.'s residence for some other purpose, such as to steal from the home or to harm I.G. rather than G.A. Dkt. No. 22 at 7. Defendant argues that the alleged prior domestic assault is irrelevant because, given that the prior assault occurred 10 months before the charged conduct, it sheds no light on the Defendant's intent or state of mind on the night in question. Dkt. No. 24. At 4-5. Further, according to Defendant, there is sufficient other evidence of Defendant's alleged motive on the night of the charged conduct (i.e., the numerous phone calls, video footage showing Defendant arguing with G.A.) that evidence of the prior alleged assault is unnecessary or of minimal value. *Id*. at 4. Lastly, Defendant argues that the danger of unfair prejudice substantially outweighs any probative value the proposed evidence may have. *Id*. at 5-6.

The Court agrees with Defendant. The Government does purport to offer evidence of the prior incident "for a proper purpose" under Fed. R. Evid. 404(b), contending that the evidence would go to Defendant's motive and state of mind. *Moran*, 503 F.3d at 1144. However, any relevance that the prior alleged domestic abuse incident may have regarding Defendant's motive or state of mind is minimal, given that the prior incident occurred approximately 10 months before the charged conduct. States of mind are generally fleeting, and common sense dictates that one's state of mind is unlikely to persist unchanged over a period of 10 months. If what the Government seeks to argue instead is that because Defendant attacked G.A. before, he probably sought to attack her again 10 months later, then this is simply improper propensity evidence. Against this minimal relevance, the proposed evidence would undoubtedly cause substantial unfair prejudice to Defendant: testimony that Defendant previously assaulted G.A. and threatened their children is emotionally inflammatory, and such prejudice is unlikely to be cured by any limiting instruction the Court could give. Testimony or evidence that Defendant attacked G.A. on March 5, 2024 and threatened their children is not admissible under Fed. R. Evid. 404(b).

## CONCLUSION

Defendant's objection to the Government's Notice of Prior Acts Evidence is sustained at this time, as it does not appear that the Government's proposed evidence regarding the alleged prior domestic assault is admissible as either res gestae or as prior bad acts evidence under Fed. R. Evid. 404(b).

The Court does note, however, that the Government may seek to re-raise this issue with the Court at the time of trial, but it must do so outside of the hearing of the jury.

Dated this 22nd day of May 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE